SCOW NUMBER FOUR, The. See Case No. 7,192.

## Case No. 12,554.

### SCOW WITHOUT A NAME.

#### [7 Ben. 384.] 1

District Court, E. D. New York. July, 1874.

In admiralty.

[NOTE. The commissioner reported the damages to be more than the value of the vessel at the time of the collision. This was accounted for by the fact that extensive repairs had been made. Upon a hearing on exceptions to the commissioner's report it was held that the repairs were imprudently made, and that the libelants could only recover for the value of their vessel at the time of the collision. The report of the commission was therefore overruled. Case No. 12,555.]

## Case No. 12,555.

### SCOW WITHOUT A NAME.

#### [8 Ben. 181.] 1

District Court, E. D. New York. June, 1875.

COLLISION — DAMAGES — REPAIRS IMPRUDENTLY MADE—TOTAL LOSS.

Where a sloop was injured by collision, and her owner recovered a decree against the vessel which did the injury, and, upon a reference to ascertain the damages sustained, it appeared that the cost of the repairs that were actually made—which included the alteration of the vessel from a poop-decked to a flush-decked vessel—were more than the value of her, so that the ship carpenter had libelled her to recover his bill, and bought her in at the marshal's sale under that libel. Held, that the repairs were imprudently made, there being no examination and estimate in advance by competent persons, and that the libellant could only recover the value of his vessel at the time of the accident, with the cost of five days' pumping, necessary to ascertain the extent of her injuries and the cost of repair, and with the damage to his personal property on board at the time.

[Cited in The Havilah, 50 Fed. 334.]

[This was a libel to recover damages for a collision. There was a decree for the libelants, with an order of reference. Case No.

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

21 FED. CAS.— 55

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprint· ed by permission.]

12,554. The cause is now heard on exceptions to the commissioner's report.]

Beebe, Wilcox & Hobbs, for libellant.
Benedict, Taft & Benedict, for respondent.

BENEDICT, District Judge. Upon a careful examination of the proofs in this case, I am satisfied that the libellant should be allowed to recover no more than the value of his vessel at the time of the accident, together with the damage to his property on board, and the necessary cost of pumping her for a period of time sufficient to enable him to ascertain the extent of the injuries the boat had sustained, and to learn the cost of repairing such injuries.

Under the circumstances proved, common prudence would have dictated an abandonment of the vessel; instead of which she was placed in the hands of a ship carpenter, who put extensive repairs upon her, including changing her from a poop-decked to a flush-decked vessel. His bill was not paid by the owner, but the vessel was libelled by the carpenter, and she was bought in by him because no one would bid more than the amount of his bill. This circumstance, with others that appear in the evidence, indicate that justice will be done by applying here the rule that money imprudently expended for the raising and repairing a vessel injured by a collision, and exceeding her value at the time of the accident, cannot be collected of the wrong-doers. The Empress Eugenie, 1 Lush. 138; Williams & B. Adm. Jur. 79.

The libellant's recovery will, therefore, be limited to the value of his vessel at the time of the accident, which, upon the evidence, was nine hundred dollars. To this is to be added the sum found by the commissioner as the damage to property on board, $58, and also the sum expended for pumping the vessel for five days, as that period of time would doubtless be abundant to ascertain the extent of the injuries and the cost of repairing them. In making this determination I have not overlooked a suggestion that it does not necessarily follow, from the fact that in the end the cost of repairs proved to exceed the value of the vessel, that, therefore, it was imprudent to undertake to repair. But the facts proven here indicate that in this case it was imprudent, and if any doubt existed as to the prudent course, it could easily have been removed by the precaution of having careful and detailed estimates made at the time by competent persons. The boat was an old one. She was not only repaired, but altered in form and made better than before. It was certainly open to question whether she was worth repairing at all. Under such circumstances the owner should have fortified his determination to repair by the opinion of experts formed at the time, after due examination.

The report of the commissioner is therefore set aside, and a decree will be entered in accordance with this opinion.